

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SAVANNA CAREY                                                       PLAINTIFF

vs.                                               CASE NO.: 3:17-cv-611 DPJ-FKB

BAKER COOK WYNN HOMECARE, LLC
d/b/a SENIOR HOME CARE and
ASHLEY MARTIN, Individually                           DEFENDANTS

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

---

COMES NOW Plaintiff, Savanna Carey ("Plaintiff"), files this action against Defendant, Baker Cook Wynn Homecare, LLC d/b/a Senior Home Care (hereinafter "Senior Home Care") and Ashley Martin, Individually (hereinafter "Martin") for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum

standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. Plaintiff brings this action under the FLSA to recover from Defendants overtime compensation, liquidated damages, declaratory relief and reasonable attorney's fees and costs.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. § 201, *et seq.* to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

5. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

6. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part of the events giving rise to Plaintiff's claims occurred in Madison County, Mississippi.

## PARTIES

8. Plaintiff, Savanna Carey, is an hourly, non-exempt home care assistant who was employed by Defendant and performed sitting services for Defendants in Mississippi.

9. Defendant, Senior Home Care, is a company that operates and conducts business in and Madison County, Mississippi. It is headquartered in Madison County, Mississippi at 1888 Main Street, Suite C in Madison, Mississippi 39110.

2

## COVERAGE

10. At all material times hereto (2014 - 2017), Plaintiff was an "employee" within the meaning of the FLSA.

11. At all material times hereto (2014 - 2017), Defendants were the "employer" within the meaning of the FLSA.

12. At all material times hereto (2014 - 2017), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13. At all material times hereto (2014 - 2017), Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all material times hereto (2014 - 2017), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

15. At all material times hereto (2014 - 2017), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

16. At all material times hereto (2014 - 2017), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

17. At all material times hereto (2014 - 2017), the work performed by Plaintiff was directly essential to the operations performed by Defendants.

18. At all material times hereto (2014 - 2017), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

19. At all material times hereto (2014 – 2017), Ashley Martin owned and operated Senior Home Care, and regularly exercised the authority to: (a) hire and fire employees of Senior Home Care; (b) determine the work schedules for the employees of Senior Home Care; and (c) control the finances and operations of Senior Home Care by virtue of having regularly exercised that authority on behalf of Senior Home Care, Ashley Martin is an employer as defined by 29 U.S.C. §201, *et seq.*

## FACTUAL ALLEGATIONS

20. Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

21. Defendants are a privately owned home health care company headquartered in Madison County, Mississippi.

22. Defendants operate an in-home assisted living company that provides in-home assistance with meals, medications and personal care to its patients.

23. Defendant earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

24. Plaintiff, Savanna Carey, worked for Defendants from approximately January 2016 to December 2016. Her regular rate of pay was $10.00 per hour.

25. Defendants purported to classify Plaintiff as an exempt employee for FLSA purposes.

26. Plaintiff routinely worked over forty (40) hours in a given workweek;

4

however, she was not compensated at a rate of time and one-half for those overtime work hours.

27.    Upon information and belief, Plaintiff, Savanna Carey, typically worked up to seventy-one (71) hours per week. This includes approximately thirty-one (31) hours of overtime every each workweek.

28.    Rather than pay Plaintiff overtime compensation at a rate of time and one-half for her overtime work hours, Defendants implemented and maintained a policy whereby they only paid Plaintiff her regular rate of pay for all hours worked in a given workweek.

29.    Plaintiff was not fully compensated for hours worked over forty (40) in a given workweek.

30.    As such, Plaintiff is owed back pay for all of her overtime hours.

31.    Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff. Defendants knowingly and willfully failed to fulfill their record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

32.    Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

**COUNT I – RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANTS**

33.    Plaintiff readopts and reincorporates paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

34.    At all material times hereto, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of time and one-half times Plaintiff's regular rate of pay.

35. Plaintiff was, and is, entitled to be paid at the statutory rate of time and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

36. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

37. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

38. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

39. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

41. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4 with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one-half for her overtime hours.

## COUNT II – DECLARATORY RELIEF

42. Plaintiff readopts and reincorporates paragraphs 1 through 32 of the Complaint as if fully set forth herein.

43. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

44. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

45. Plaintiff may obtain declaratory relief.

46. Defendants employed Plaintiff.

47. Defendants are an enterprise.

48. Plaintiff was individually covered by the FLSA.

49. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

50. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

51. Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

52. It is in the public interest to have these declarations of rights recorded.

53. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

54. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

55. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 19th day of July, 2017.

Respectfully submitted,

SAVANNA CAREY, PLAINTIFF

_____
Christoper W. Espy, Esq. (MSB#: 102424)
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Phone: 601-718-2087
Fax:   601-718-2102
Email: cespy@forthepeople.com

ATTORNEY FOR PLAINTIFF