Ashley E Martin
Baker Cook Wynn Homecare, LLC
dba Senior Home Care
1888 Main Street
Suite C #179
Madison, MS 39110
601-853-9970
Ashley@seniorhomecare-ms.com



July 16, 2018

Honorable F. Keith Ball
United States Magistrate Judge
United States District Court for the
Southern District of Mississippi
Northern Division

Your Honor:

I am writing in response to a Show Cause Order received on July 9, 2017 regarding case number 3:17-cv-611-DPJ-FKB, Savanna Carey vs. Baker Cook Wynn Homecare and Ashley Martin, Individually.

As stated above, I received the Show Cause Order on July 9, 2017 upon returning from out of town travel. Once it was received, I immediately forwarded a digital copy for review and advisement to legal counsel provided through a service called Legal Shield. I received a call back on the afternoon of Thursday July 12 advising me that according to the Show Cause Order I was obligated to retain an attorney in order to proceed with the above referenced case. This response prompted concern in that it directly contradicted what I was advised by my previous attorney Craig Panter. I retained services from Mr. Panter in April 2017 after receiving settlement demand letter from an attorney at Morgan & Morgan. During the initial meeting between myself and Mr. Panter, it was thought that this matter would be quickly resolved with minimal legal expense. I explained to him from the beginning that this was a very small business and financial resources were extremely limited. This assumption of brevity proved to be incorrect as there were rule changes made by the DOL regarding overtime exemptions for private caregivers that neither myself nor Mr. Panter were aware of. Over the next several months, multiple settlement offers were presented and declined by the Plaintiff. During this time, my legal expenses were accruing and by February 2018, exceeded $5,800. As my attorney Mr. Panter had advised me on several occasions that the plaintiff would very likely prevail

in this case, it was decided that rather than continuing to incur expenses for lawyer fees, it would be better to try and limit expenses in preparation for probable settlement payment. At no time did Mr. Panter advise me that I would require legal representation to proceed with this case. As stated previously, that information directly contradicts what I was told when I asked Mr. Panter the question, "What do people do when they can no longer afford and attorney?" I was told that I would be able to proceed on my own and that a court date had been set for December. My last communication with Mr. Panter was on March 7, 2017 when he sent a final bill for services provided.

It is my sincere desire to reach a reasonable resolution on this matter. If it is allowed, I would like to present another settlement offer to the Plaintiff in hopes to resolve this matter. I have reached out to several attorneys that specialize in employment law, inquiring on representation for this case. As of the time this letter being written, I have not yet received any responses, and I will continue to try and retain counsel as ordered by the court. I will also be asking to be added to email distribution list for any documents that are electronically filed regarding this case so that I am not delinquent with any further filings.

Sincerely,

Ashley E Martin
Baker Cook Wynn Homecare, LLC
dba Senior Home Care